IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| TAINOAPP, INC., | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| AMAZON.COM, INC., | § | |
| | § | |
| Defendant. | § | |

**COMPLAINT FOR PATENT INFRINGEMENT**

To The Honorable Court:

Comes Now, Plaintiff TainoApp, Inc. ("TainoApp" or "Plaintiff"), by and through its undersigned counsel, brings this action against Amazon.com, Inc. ("Amazon" and/or "Defendant"). In support of this Complaint, Plaintiff alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. §§ 1 *et seq.*, including 35 U.S.C. § 271.

**THE PARTIES**

2. Plaintiff TainoApp is a corporation organized under the laws of Puerto Rico with its principal place of business at 229 Del Parque St., Suite #1401, San Juan, Puerto Rico 00912.

3. On information and belief, Defendant is a Delaware corporation with its principal place of business at 410 Terry Avenue North, Seattle, Washington 98109-5210. Defendant can be served with process through its agent Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

4. Defendant is in the business of making, using, selling, offering to sell and/or

1

importing digital video display devices that employ minimal visual conveyance.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a) because the action arises under the patent laws of the United States, 35 U.S.C. §§1 *et seq*.

6. This Court has personal jurisdiction over Defendant by virtue of its systematic and continuous contacts with this jurisdiction, as well as because of the injury to TainoApp and the cause of action TainoApp has raised, as alleged herein.

7. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Puerto Rico Long-Arm Statute, due to at least its substantial business in this forum, including: (i) at least a portion of the infringement alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in this District.

8. Defendant has conducted and does conduct business within this District, directly or through intermediaries, resellers, agents, or offer to sell, sell, and/or advertise (including the use of interactive web pages with promotional material) products in this District that infringe the Asserted Patent (as defined below).

9. In addition to Defendant's continuously and systematically conducting business in this District, the causes of action against Defendant are connected (but not limited) to Defendant's purposeful acts committed in this District, including Defendant's making, using, importing, offering to sell, or selling products which include features that fall within the scope of at least one claim of the Asserted Patent.

10. Venue lies in this District under 28 U.S.C. §§1391 and 1400(b) because, among other reasons, Defendant is subject to personal jurisdiction in this District, and has committed and continues to commit acts of patent infringement in this District.  For example, Defendant has used, sold, offered for sale, and/or imported Accused Products (as defined below) in this District.

## THE PATENT-IN-SUIT

11. There is one patent at issue in this action: United States Patent No. 7,034,791 (the "'791 Patent" or the "Asserted Patent").

12. On April 25, 2006, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '791 Patent, entitled "Digital video display employing minimal visual conveyance" after a full and fair examination. TainoApp is presently the owner of the patent and possesses all right, title and interest in and to the '791 Patent. TainoApp owns all rights of recovery under the '791 Patent, including the exclusive right to recover for past infringement. The '791 Patent is valid and enforceable. A copy of the '791 Patent is attached hereto as Exhibit A.

13. The '791 Patent contains five independent claims and twelve dependent claims.

## DESCRIPTION OF THE ACCUSED INSTRUMENTALITIES

14. Defendant uses, sells, offers to sell, and/or imports products, such as Amazon's "Kindle Paperwhite," that minimize display screen updating ("Accused Products").

15. Accordingly, the method of at least Claim 17 of the '791 Patent is performed when Defendant's Accused Products, such as the Kindle Paperwhite, are used, tested, or operated.

## COUNT I:
## INFRINGEMENT OF THE '791 PATENT

16. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs

1-15.

17. Defendant directly infringes at least claim 17 of the '791 Patent. For example, without limitation, Defendant directly infringes the '791 Patent by using the Accused Products, including use by Defendant's employees and agents, and use during product development and testing processes.

18. Defendant has had knowledge of infringement of the '791 Patent at least as of the service of the present complaint.

19. Defendant has indirectly infringed and continues to indirectly infringe the '791 Patent by actively inducing its customers, users, and/or licensees to directly infringe by using the Accused Products. Defendant has engaged or will have engaged in such inducement having knowledge of the '791 Patent. Furthermore, Defendant knew or should have known that its actions would induce direct infringement by others and intended that its actions would induce direct infringement by others. For example, Defendant sells, offers for sale and advertises the Accused Products in Puerto Rico specifically intending that its customers buy and use them in an infringing manner. As a direct and proximate result of Defendant's indirect infringement by inducement of the '791 Patent, Plaintiff has been and continues to be damaged.

20. Defendant has contributorily infringed and continues to contributorily infringe the '791 Patent by selling and/or offering to sell the Accused Products, whose infringing features are not a staple article of commerce and when used by a third-party, such as a customer, can only be used in a way that infringes the '791 Patent. Defendant has or will have done this with knowledge of the '791 Patent and knowledge that the Accused Products constitute a material part of the invention claimed in the '791 Patent. Defendant engaged or will have engaged in such contributory infringement having knowledge of the '791 Patent. As a direct and proximate

result of Defendant's contributory infringement of the '791 Patent, Plaintiff has been and continues to be damaged.

21. By engaging in the conduct described herein, Defendant has injured TainoApp and is thus liable for infringement of the '791 Patent, pursuant to 35 U.S.C. § 271.

22. Defendant has committed these acts of infringement without license or authorization.

23. To the extent that facts learned in discovery show that Defendant's infringement of the '791 Patent is or has been willful, TainoApp reserves the right to request such a finding at the time of trial.

24. As a result of Defendant's infringement of the '791 Patent, TainoApp has suffered harm and monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

25. TainoApp will continue to suffer harm and damagesin the future unless Defendant's infringing activities are enjoined by this Court. As such, TainoApp is entitled to compensation for any continuing or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement.

## DEMAND FOR JURY TRIAL

26. TainoApp will demand a trial by jury of any and all causes of action.

## PRAYER FOR RELIEF

TainoApp respectfully prays for the following relief:

    A.  That Defendant be adjudged to have infringed the '791 Patent, directly and/or indirectly, by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents;

B. That Defendant, its officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them, be permanently enjoined from directly and/or indirectly infringing the '791 Patent;

C. An award of damages pursuant to 35 U.S.C. §284 sufficient to compensate TainoApp for Defendant's past infringement and any continuing or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement, including compensatory damages;

D. An assessment of pre-judgment and post-judgment interest and costs against Defendant, together with an award of such interests and costs, in accordance with 35 U.S.C. §284;

E. That Defendant be directed to pay enhanced damages, including TainoApp's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. §285; and

F. That TainoApp have such other and further relief as this Court may deem just and proper.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, on this 14th day of March, 2013.

/s/Eugenio J. Torres-Oyola
Eugenio J. Torres-Oyola
USDC No. 215505
**Ferraiuoli LLC**
221 Plaza, 5th Floor
221 Ponce de León Avenue
San Juan, PR 00917

Tel.: (787) 766-7000  
Fax: (787) 766-7001  
Email: etorres@ferraiuoli.com